HUGH B. PHILLIPS, ET AL., *v.* SAMUEL PIPES, ET AL.

**Admissibility of Declarations.**

The declaration as to ownership of property is not admissible as
evidence to prove title in the declarant unless he was in actual possession at the time made.

**Sale of Personalty—Delivery.**

It is the fact of actual and visible change of possession, and not
knowledge on the part of those in the neighborhood, that renders sales
of personal property valid.  Where there is actual change of possession the sale is not per se fraudulent as to creditors.

APPEAL FROM WASHINGTON CIRCUIT COURT.

June 6, 1878.

OPINION BY JUDGE COFER:

The declarations of Pipes and John D. Claybrook as to their
ownership of the property were not admissible as evidence to prove
title in themselves, unless he who made the declaration was at the
time in the actual possession of the property to which the declaration related.  It does not appear that Pipes was in possession at
the time he made any of the declarations proved to have been made
by him, and this is true of some of the declarations proved to have
been made by Claybrook.

For the error in admitting evidence of these declarations the
judgment must be reversed, and it may save the parties time and
costs if we consider now the alleged errors in giving and refusing
instructions, though for want of proper exceptions no reversal could
be had for any error that may have been committed in giving or
in refusing instructions.

We see no error in the action of the court to the prejudice of the
appellants except in the instruction marked "L".  The plaintiffs

alleged that they were the owners of the property sold under Phillips's fi. fa. The defendants averred that the property sold was not the property of the plaintiffs, or either of them, which was equivalent to a denial that it belonged to them; and unless it did belong to the plaintiffs they had no right to recover, even though it did not belong to James R. Claybrook; and the burden was on them to establish their title by a preponderance of evidence.

Instruction "1" was less favorable to appellees than the law warranted. To render such sales valid as against creditors it is not necessary that the change of possession should be known to anyone besides the parties themselves. It is the fact that there has been an actual and visible change of possession, and not knowledge on the part of those in the neighborhood, that renders such sales valid. If there were such actual change of possession that those who were acquainted with the property could readily have seen that it was in the possession of the vendee, then the sale was not per se fraudulent, although no one in fact saw it in their possession or knew of the change of possession.

Judgment reversed and cause remanded for a new trial.

*Russell & Arritt, for appellants.*

*W. H. Hayes, Brown & Lewis, for appellees.*